UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                 CRIM. NO. CR. No. 05-80638
vs.                              HON. LAWRENCE ZATKOFF

JAHMAL WHITFIELD,

       Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on April 28, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

This matter is before the Court on Defendant's Motion to Suppress (Docket #19), Defendant's Motion for Disclosure of Evidence (Docket #18) and Defendant's Motion for Revocation of Detention Order (Docket #28). On Thursday, April 13, 2006, the Court held a hearing, which hearing was attended by Defendant, as well as counsel for the Government and counsel for the Defendant.

At the hearing, the Government called two witnesses to testify with respect to the validity of the search warrant that Defendant challenged in his Motion to Suppress: (1) Detroit Police Department Officer Deondre Penn ("Officer Penn"); and (2) Detroit Police Department Officer Juan Davis ("Officer Davis"). Counsel for Defendant cross-examined each of these witnesses. After hearing the testimony of those two witnesses, the Court asked if there was anything else to be placed on the record. After being told there was nothing further that either attorney wished to place on the

record, the Court adjourned pending the issuance of a written opinion.

## I.  BACKGROUND

*A.    Facts Surrounding the Search*

On June 5, 2005, members of the Detroit Police Department ("Department") executed a search warrant at 18982 Dale, Detroit.  According to Officer Penn and Officer Davis, the search warrant was the result of a purchase of narcotics by a credible and reliable confidential informant and surveillance conducted by a Department officer.  Officer Penn testified that the confidential informant had been used by the Department on prior occasions and had provided information which led to more than five drug related arrests and/or convictions.  In this case, the confidential informant was sent into the house with Secret Service funds to purchase narcotics.  The confidential informant went into the house for a short period of time and returned directly to the law enforcement officers who had sent him in to the house at 18982 Dale.  When the confidential informant returned, the informant turned over an unspecified quantity of suspected marijuana and indicated that the marijuana had been purchased in the home with the Secret Service funds.  The substance was confirmed to be marijuana by a lab technician, in the presence of Officer Penn.

On June 3, 2005, Officer Juan Davis conducted surveillance at 18982 Dale for approximately 30 minutes.  He observed five individuals enter the house at separate times, stay a short period of time and then leave.  According to Officer Davis, this activity was consistent with ongoing drug trafficking.  On the basis of the controlled buy of the confidential informant and Officer Davis' surveillance, the search warrant was obtained from a magistrate judge.

When the police executed the search warrant on June 5, 2005, they announced their presence and then made a forced entry after no response was received.  Defendant was found in an upstairs

bedroom. Once the officers secured the house, Defendant allegedly made the following statement, "The dope is in the breadbox. My girlfriend has nothing to do with it." During a search of the residence, officers recovered from the breadbox a film container with crack cocaine, 13 baggies of marijuana and a digital scale. A loaded, .25 caliber handgun was found underneath the couch cushion in the living room. An unloaded Marlin rifle was found propped up against the dining room wall and $600 was found as well.

### B.     *Procedural History*

Defendant was indicted in this Court on July 12, 2005, and charged with being a felon in possession of a firearm, possession with intent to distribute marijuana and possession of cocaine base. He has been in custody since he was indicted in this Court. On July 1, 2005, Magistrate Judge Morgan ordered that Defendant be temporarily detained pending a hearing on July 5, 2005. Following the hearing on July 5, 2005, Magistrate Judge Mazoub ordered that Defendant be detained and not be released on bond pending trial. On August 30, 2005, Magistrate Judge Whalen held a hearing on Defendant's motion for bond. Following that hearing, Magistrate Judge Whalen issued a written order denying Defendant's request for revocation of his detention order.

In October 2005, the Court received the Defendant's Motion to Suppress and his Motion for Disclosure of Evidence. Shortly thereafter, Defendant's appointed attorney, James Gerometta of the Federal Defender Office filed a motion to withdraw in conjunction with the Defendant's representation in the state court matter. After several delays, the motion to withdraw was heard and granted in January 2006. Mr. Gerometta was replaced by Defendant's current attorney, John Belanger. Mr. Belanger recently filed the Motion for Revocation of Detention Order.

## II. ANALYSIS

*A.     Motion to Suppress*

Defendant seeks to suppress all evidence seized pursuant to the execution of the search warrant on June 5, 2005, including the physical evidence and his incriminating statement. Defendant believes the alleged surveillance and controlled purchase in this case could not have taken place and therefore questioned the veracity of the statements contained in the warrant.

Where an affidavit is the basis for a probable cause determination, the affidavit "must provide the magistrate with a substantial basis for determining the existence of probable cause." *Illinois v. Gates*, 462 U.S. 213, 239 (1983). In *United States v. Finch*, 998 F.2d 349 (6th Cir. 1993), the Sixth Circuit held that observation of drug trafficking at an identified residence within the last five days by an informant, without more, could establish probable cause. An affidavit which contains information regarding personal observations of criminal activity by a reliable confidential informant is sufficient to support a finding of probable cause. *United States v. Allen*, 211 F.3d 970 (6th Cir. 2000).

In *Allen*, a confidential informant told law enforcement officers that (s)he observed the defendant in possession of cocaine at the defendant's residence within the last 72 hours. *Id.* at 973. The swearing officer was familiar with the informant and had received reliable information regarding illegal activity from such informant over the past five years. *Id.* at 971. The Sixth Circuit held that the information contained in the affidavit was sufficient to support a finding of probable cause and stated that "where a known person, named to the magistrate, to whose reliability an officer attests with some detail, states that he has seen a particular crime and particular evidence, in recent past, a neutral and detached magistrate may believe that evidence of a crime will be found." *Id.* at 976.

In this case, Officer Penn testified that a known (and previously used) confidential informant provided credible information to officers. Officer Penn testified that the officers searched the confidential informant and found him clean before sending him/her into the house with money and then were provided the drugs by the confidential informant when he/she exited the house and again found him/her to be clean. The purchase was made within three days of the search warrant being obtained and four days of its execution. In addition, on the day before the search warrant was obtained, Officer Davis conducted surveillance on the house for 30 minutes and saw five different people go in and out of the house after staying for a short period of time.

As noted, the Court heard the testimony of Officer Penn and Officer Davis. The Court found both officers to be highly credible. Their testimony, consistent with the statements set forth in the affidavit in support of the search warrant, provided a magistrate with a substantial basis for determining the existence of probable cause. At this time, Defendant has not offered any reason for the Court to find that the statements set forth in the affidavit are false. Nothing in the testimony of Officer Penn, the testimony of Officer Davis, or in any arguments set forth by the Defendant create any reason to doubt that the confidential informant in this case was reliable and credible. *Allen*, 211 F.3d at 976.

Accordingly, the Court finds that the search warrant issued in this case is valid and Defendant's motion to suppress is DENIED.

### B.   *Motion for Disclosure of Evidence*

Defendant filed a Motion for Disclosure of Evidence months ago. Based on the Government's response brief and the failure of Defendant's counsel to raise the issue at the hearing, the Court finds that the Government provided Defendant with all of the required materials between the time Defendant filed his motion and the date on which the Government responded. The

5

Government also acknowledged its obligations under Rule 404(b) and *Brady*. As such, the Court DENIES Defendant's Motion for Disclosure of Evidence as moot; provided, such denial is without prejudice and may be revisited to the extent the Government fails to provide any evidence required by law.

### C.    *Motion for Revocation of Detention Order*

The Court also has reviewed and considered Defendant's Motion for Revocation of Detention Order that was recently filed. In that Motion, Defendant asserts that part of the reason Magistrate Judge Whalen denied Defendant's prior motion for revocation of detention order was because Pretrial Services had determined he had an active personal protection order entered against him. The PPO had been applied for by Ms. Angela Johnson, the person with whom Defendant was to reside if granted bond. Defendant claims that Ms. Johnson testified on August 30, 2005 that she never sought a PPO and that she has gone to Wayne County Circuit Court and determined that no PPO is entered against Defendant. Defendant seems to admit theat there is a history of domestic violence with Ms. Johnson. Defendant further states that if he is released, he consents to a tether to his grandmother's home.

Defendant further argues that he is a life long resident of the district and has no history of failing to appear or otherwise attempting to obstruct justice. He states that his criminal history consists of two misdemeanor cases (1994 and 2005) and a CSC conviction (unknown date and victim - i.e., don't know if it was Ms. Johnson), but that he has successfully complete parole in those cases. It appears to the Court that Defendant violated his more recent misdemeanor probation when arrested. The Government did not file a response to this Motion.

The Court finds that there is not good cause to revoke the Defendant's detention order. Defendant was previously afforded two hearings at which bond was considered. In both cases, bond

was denied. In addition, the "testimony" of Ms. Johnson was presented before Magistrate Judge Whalen, and he took it into account when upholding Defendant's detention order in August 2005. Further, the Court has reviewed the record in this case and is aware of no evidence which supports the revocation of Defendant's detention order.

## IV.  CONCLUSION

For the reasons set forth above, the Court hereby DENIES Defendant's Motion to Suppress, Defendant's Motion for Disclosure of Evidence and Defendant's Motion for Revocation of Detention Order.

IT IS SO ORDERED.


                s/Lawrence P. Zatkoff
                LAWRENCE P. ZATKOFF
                UNITED STATES DISTRICT JUDGE

Dated: April 28, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 28, 2006.


                s/Marie E. Verlinde
                Case Manager
                (810) 984-3290