UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    Case No. 05-80638
vs.                               HON. LAWRENCE ZATKOFF

JAHMAL WHITFIELD,

        Defendant.
                               /

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on October 5, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

On this date, this Court held the sentencing hearing for Defendant Jahmal Whitfield. For the reasons set forth below, this Court sentences Defendant to a term of imprisonment of 60 months on each of Counts I and II, to be served concurrently, 12 months on Count III, to be served concurrently with the sentences in Counts I and II. That term of imprisonment is to be followed by a three (3) year period of supervised release. In addition, a special assessment of $225.00 is ordered pursuant to statute.

## II. OPINION

**A.     Required Considerations Under 18 U.S.C. §3553(a)**

In determining the appropriate sentence for the Defendant, the Court must consider, and the Court has considered the following provisions of 18 U.S.C. §3553(a):

(1) the nature and circumstances of the offense and the history and characteristics of the Defendant;

(2) the need for the sentence to: (a) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (b) afford adequate deterrence to criminal conduct; (c) protect the public from future crimes of the Defendant; and (d) provide the Defendant with needed educational or vocational training, medical care or other correctional treatment, in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentences and the applicable sentencing range pursuant to the Sentencing Guidelines;

(5) the policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. §994(a)(2) that are currently in effect and pertinent to the Defendant's conduct, including any amendments thereto by act of Congress or incorporation into the Sentencing Guidelines by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been guilty of similar conduct; and

(7) the need to provide restitution to the victims of the offenses pursuant to which the Defendant is being sentenced.

**B.     Guideline Range**

In light of the U.S. Supreme Court's decision in *Booker*, the Guidelines are now advisory rather than mandatory, but a sentencing court must consider the applicable sentencing range pursuant to the Guidelines in determining the appropriate sentence for a defendant.  Under the

Guidelines, Defendant's Total Offense Level is 15 and he has a Criminal History Category of III. As such, the applicable sentencing range for the Defendant under the Guidelines is 24 to 30 months.

**C.     Sentence**

For the reasons that follow, the Court concludes that the applicable range of imprisonment set forth in the Guidelines is not appropriate for the offenses committed by the Defendant in this case because such a term of imprisonment would not be sufficient to accomplish the objectives of the remaining factors of Section 3553(a). As set forth above, the Court sentences Defendant to a term of imprisonment of 60 months on each of Counts I and II, to be served concurrently, 12 months on Count III, to be served concurrently with the sentences in Counts I and II. That term of imprisonment is to be followed by a three (3) year period of supervised release. In addition, a special assessment of $225.00 is ordered pursuant to statute.

**D.     Reasoning**

In imposing a term of imprisonment that is greater than the maximum term under the Guidelines, the Court took into account the many factors under Section 3553(a). First, the Court presided over the trial and all of the proceedings in this matter, including the motion to suppress hearing, and observed the actions of all parties involved. In doing so, the Court noted the behavior of the Defendant in challenging his attorneys and, to a lesser extent, the Court. The Court also was able to observe the Defendant testify at trial and was able to reach the same conclusion regarding the Defendant's testimony as the jury must have, *i.e.*, that Defendant was not credible.

Second, the Court notes that Defendant was not charged with, but could have been charged with, possession of a firearm in furtherance of a drug trafficking crime, a crime with a five year mandatory minimum sentence. All of the elements of such a crime were present and the jury

necessarily found nearly as much in finding Defendant guilty of being a felon in possession of a firearm and of possessing with intent to distribute marijuana. Moreover, there was not only one, but two, firearms present in the house when Defendant was arrested.

Third, Defendant's history and characteristics are far worse than even his poor record exhibit. Defendant has exercised and exhibited a clear pattern of disrespect for the law his entire adult life. For example, prior to this case, Defendant has three prior felony arrests that resulted in convictions. At age 18, Defendant was convicted of Malicious Destruction of Personal Property and received a sentence of two years probation. At age 24, Defendant was convicted of Criminal Sexual Assualt, 3rd Degree, and received a sentence of 3 to 15 years. He served approximately 3 ½ years for that offense. At age 31, Defendant was convicted of Domestic Violence and Fleeing a Police Officer and received a sentence of two years probation.

In addition to the three convictions noted above, Defendant has been arrested in charged with five additional crimes that the Court has been unable to ascertain the manner in which the case was disposed. Those charges include: disorderly conduct, felonious assault, assault and battery (domestic violence), home invasion and fleeing and eluding (reckless driving). Defendant also has received numerous traffic citations for failure to comply with the law, including having no proof of insurance, reckless driving, driving while licensed suspended, etc. Defendant also has failed to provide financial support for his many children, to the extent that he has child support arrears in an amount exceeding $23,000. Finally, Defendant presently is subject to 6 outstanding warrants.

Fourth, as noted above, Defendant has twice received probation as a sentence upon being convicted. In each case, he failed to exhibit behavior that was any more responsible while on probation than prior to his conviction. Rather, on both occasions, Defendant consistently violated

4

the terms of his probation and eventually was discharged from probation without improvement. In the one instance where he received a sentence of incarceration (for which he served essentially the minimal time), Defendant actually completed his probation successfully. Unfortunately, it did not serve as an adequate deterrent to continued transgressions of the law. The Court therefore finds that a significant sentence is necessary to communicate the seriousness of his actions and the consequences that must result from them.

Fifth, the Court believes that sentencing this Defendant to a limited prison term (i.e., one within the Guideline range) will not provide an adequate deterrence to future criminal conduct for this Defendant. Defendant apparently has lived under the belief that the potential benefits to his criminal activity outweigh the risk to him of engaging in such conduct. None of the previous convictions or sentences have deterred Defendant from resuming a life of crime.

Sixth, a limited period of imprisonment of this Defendant will not protect the public from future crimes of the Defendant. As discussed previously, Defendant has been a career criminal and his crimes are not crimes committed in a vacuum without victims. Of course, although not all such victims are easily identifiable or traceable to Defendant, the drug trafficking crime for which Defendant has been convicted is the source of many levels of victims. In addition, many of his arrests stem from criminal acts imposed on victims with whom Defendant has had a relationship, i.e, there are numerous identifiable victims of Defendant's criminal activity. For these reasons, the Court believes a sentence beyond the advisory Guideline range is necessary to protect the public.

Such a sentence would do so in two ways. First, while incarcerated, Defendant will not have the same capacity to prey upon others or subject them to his criminal acts. Second, the Court is

hopeful that during an extended period of imprisonment, Defendant will take advantage of the opportunities available to him in prison to obtain educational and/or vocational training, as well as receive correctional treatment, in an effective manner.

Again, and for the foregoing reasons, the Court finds that a sentence of 24 to 30 months would not promote Defendant's respect for the law, reflect the seriousness of the offenses for which Defendant was convicted, deter Defendant from future criminal activity or protect the public from future crimes of the Defendant. Moreover, for the same reasons, the Court believes that a term of imprisonment of 60 months is an appropriate sentence for this Defendant and that such a sentence would best serve the goals of Section 3553(a).

### III. CONCLUSION

Accordingly, and as set forth above, it is HEREBY ORDERED that the Defendant is sentenced to a term of imprisonment of 60 months on each of Counts I and II, to be served concurrently, 12 months on Count III, to be served concurrently with the sentences in Counts I and II. That term of imprisonment is to be followed by a three (3) year period of supervised release. In addition, a special assessment of $225.00 is ordered pursuant to statute.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: October 5, 2006

CERTIFICATE OF SERVICE

   The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 5, 2006.

                 s/Marie E. Verlinde
                 Case Manager
                 (810) 984-3290